# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GINO V. GAMBINO-ANDOLINI, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-218-NJR |
| B. TRUE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner, Gino V. Gambino-Andolini (Gambino), an inmate in the Federal Bureau of Prisons currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this action pursuant to 28 U.S.C. § 2241. On June 7, 2018, Gambino was found guilty of fighting with another person (Code 201 misconduct). (Doc. 1, p. 11). As a result, Gambino lost 27 days of good conduct credit. (Doc. 1, p. 2). Gambino seeks expungement of the disciplinary ticket (Incident Report #3125284) and restoration of his good conduct credit. (Doc. 1, p. 8).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

## Background

### Incident Report and Disciplinary Hearing

On May 17, 2018, Gambino was charged with fighting with inmate Gregory Kemp (Incident Report No. 3125248). That same day, at 3:50 pm, Lt. Blair provided Gambino with a copy of the

incident report. (Doc. 1, p. 12). The matter was referred to a disciplinary hearing officer ("DHO") for a decision, and a hearing was held on June 7, 2018. (Doc. 1, pp. 12-14). Gambino was advised of his due process rights prior to and during the hearing. (Doc. 1, pp. 12-13). At the hearing, Gambino received a staff representative. *Id*. He also denied the charge and waived his right to call witnesses. *Id*. The DHO found Gambino had committed the offense as charged, and he was provided with a written copy of the decision. (Doc. 1, pp. 13-14). In reaching this decision, the DHO considered the following evidence:

- Gambino's claims that Kemp never hit him with anything, that he and Kemp were not fighting, that he slipped and fell in the mop closet, and that Kemp helped him up after he slipped and fell.
- The statement made by Gambino's staff representative indicating that, after reviewing surveillance footage of the incident, he observed a confrontation but could not determine what it was, and he observed "them" enter the mop closet where they could not be seen "for some time."
- On the day of the incident, Gambino reported to the Y-Unit Officers Station with injuries consistent with having been involved in a physical altercation, claiming he fell in a mop closet.
- On the day of the incident, Kemp was discovered with injuries consistent with having been involved in a physical altercation. Kemp stated he was present when Gambino fell in the mop closet and that he received his injuries playing basketball the day before.
- Gambino's medical assessment, showing that Gambino sustained multiple abrasions and contusions to most of his face, including both eyes and orbital regions, upper lip, chin, forehead, and scalp. Additionally, the medical assessment revealed a large amount of bruising and swelling to Gambino's right hand and left inner calf.
- Photographs of the mop closet and of Gambino's injuries.
- Video footage of the incident, depicting Gambino standing in front of Kemp's cell, Gambino bending back as if something had been thrown at him, Kemp putting his hand in Gambino's face, Kemp and Gambino entering the mop closet (out of range of the camera), and Gambino and Kemp exiting the mop closet and walking away.

(Doc. 1, pp. 12-14).

**Petition**

Gambino objects to the guilty finding because he and Kemp have repeatedly stated the injuries he sustained were caused by him falling in the mop closet. (Doc. 1, p. 11). He also argues that the surveillance video was inconclusive, noting his representative stated that there was a confrontation, but he could not determine "what it was." *Id.* According to Gambino, this casts doubt on the DHO's "subjective" conclusion that the surveillance video indicates there was an altercation. *Id.* Gambino also notes that the DHO admitted the surveillance video only showed Kemp throwing something at Gambino; it did not show Kemp hitting Gambino. *Id.* Finally, Gambino objects to the DHO's reliance on Gambino's medical assessment, claiming that it only demonstrates he sustained injuries (not how those injuries were sustained), and to the absence of eye witnesses who could corroborate that an altercation occurred. *Id.*

**Discussion**

Disciplinary hearings that deprive an inmate of good conduct credit—and as a result, increase the inmate's period of incarceration—may serve as a basis for requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). To adhere to due process, a disciplinary decision that results in the loss of good conduct credit must provide the inmate with the following procedural safeguards: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Gambino does not allege—and the facts outlined in the Petition do not suggest—that he was denied the first three procedural safeguards. But Gambino does allege that the disciplinary decision was not supported by "any actual evidence" (Doc. 1, p. 11), implicating the fourth procedural safeguard. Nonetheless, the Petition does not survive preliminary review.

Due process requires that the findings of the disciplinary tribunal be supported only by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold," *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007), and has emphasized that courts should not "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Instead, the "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* (quoting *Hill*, 472 U.S. at 455-56 (emphasis in original)). "Even 'meager' proof will suffice as long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *See id*. (quoting *Hill*, 472 U.S. at 457).

With this low bar in mind, Gambino's Petition and the exhibits attached to it do not support the claim that the disputed disciplinary decision was unsupported by any reliable evidence. The DHO considered the reporting officer's documented report, medical assessments, photographs, video footage, staff representative statement, and Gambino's defense. He also considered Gambino and Kemp's statements but decided that the statements were not credible. Considering the above, the record reflects that the DHO's decision was, at a minimum, supported by some evidence. Moreover, Gambino's arguments do not refute this conclusion. Gambino's claims pertain to the weight of the evidence underlying the DHO's decision. As noted above, with respect to due process, it is not this Court's role to assess the comparative weight of the evidence; due process requires only that there be some evidence to support the DHO's findings.

For these reasons, the Court finds that the Petition does not survive preliminary review and shall be dismissed. The dismissal will be without prejudice, however, and with leave to amend.

**Disposition**

**IT IS ORDERED** that the Petition (Doc. 1) is **DISMISSED** without prejudice. Should he wish

to proceed with this matter, Gambino shall file his First Amended Petition on or before **July 22, 2019**. An amended petition supersedes and replaces the original pleading, rendering the original petition void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir.2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. Should the First Amended Petition not conform to these requirements, it shall be stricken. Gambino must also re-file any exhibits he wishes the Court to consider along with the First Amended Petition. Failure to file an amended petition shall result in the dismissal of this action with prejudice.

The Clerk of Court is **DIRECTED** to send Gambino a Section 2241 form petition.

No response shall be ordered until after the Court completes its preliminary review of the First Amended Petition, and then only if the petition survives review under Rule 4.

Finally, Gambino is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: June 20, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**